**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GEORGE D. SKRETTAS,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
CH-1221-20-0549-W-1

DATE: May 31, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George D. Skrettas, Ann Arbor, Michigan, pro se.

Amy C. Slameka, Esquire, and Lauren Russo Ciucci, Esquire, Detroit,
   Michigan, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which granted in part and denied in part his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to find that the appellant made a protected disclosure when he disclosed that a former Respiratory Therapist did not have the proper credentials, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is a GS-08 Registered Respiratory Therapist in Detroit, Michigan, who engaged in the following whistleblowing activities:  (1) reporting to the Department of Veterans Affairs (VA) Secretary in July 2017 that an individual who was not properly licensed had been employed by the agency as a Respiratory Therapist, and the Respiratory Care Service lacked adequate policies and procedures, and (2) filing a complaint with the Inspector General (IG) in July 2018 reiterating the same disclosure, as well as disclosing that employees were issuing medication without entering it into the Bar Code Medication Administration System (BCMA).  Initial Appeal File (IAF), Tab 2 at 4, Tab 9 at 68; Hearing Transcript (HT) (testimony of the appellant).  The appellant was subjected to several personnel actions taken by his first- and second-line supervisors, to include a 10-day suspension, removal of his patient-care duties, a July 9, 2018 detail to the Social Work Service, and an unacceptable performance

evaluation issued on December 3, 2018. IAF, Tab 9 at 52, Tab 36 at 4, 27, Tab 77 at 10-16; HT (testimony of the appellant).

¶3		On January 15, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had retaliated against him for his protected disclosures and activities. IAF, Tab 6 at 26-34. After OSC closed its investigation, the appellant filed a timely IRA appeal, and after notifying him of the proper legal standards, the administrative judge determined the Board had jurisdiction over his appeal. IAF, Tabs 1, 4, 11. A hearing was held, and the administrative judge issued an initial decision finding that the appellant made a protected disclosure when he disclosed that the Respiratory Care Service lacked adequate procedures and policies, and engaged in a protected activity when he filed an IG complaint. IAF, Tab 89, Initial Decision (ID) at 10-11. After finding that the appellant met the contributing factor standard, the administrative judge found that the agency established by clear and convincing evidence that it would have suspended the appellant, removed his patient-care duties, and detailed him absent his whistleblowing, but failed to establish that it would have issued him an unacceptable performance rating absent whistleblowing. ID at 11-29. Thus, the administrative judge granted the appellant's request for corrective action in part, and denied the request in part. ID at 29.

¶4		The appellant has filed a petition for review reiterating his argument that the unlicensed Respiratory Therapist had unlawfully performed her duties because she did not have the proper credentials. Petition for Review (PFR) File, Tab 1 at 7, 12. The agency has responded in opposition to the petition for review, but does not challenge the finding of reprisal for whistleblowing. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>Contrary to the administrative judge's findings, the appellant established by preponderant evidence that he made a protected disclosure when he disclosed that an employee did not have the proper licensing to be a Respiratory Therapist.</u>

¶5 In the initial decision, the administrative judge found that the appellant's disclosure that the agency employed a Respiratory Therapist lacking proper credentials was not protected because he had not established that he had a reasonable belief that the disclosure evidenced a violation of law, rule, or regulation.[2] ID at 9. Specifically, the administrative judge found the employee, who had retired in December 2015, was not employed as a Registered Respiratory Therapist, but instead was employed as a lower grade Respiratory Therapist. ID at 8-9. The administrative judge also found that her duties were appropriate for her credentials, and there was no evidence that this employee acted outside of the scope of her position. *Id.* On review, the appellant claims that he witnessed this employee "perform all the duties of a Respiratory Therapist despite not having any credentials as a Respiratory Therapist" which he asserts is illegal in the state of Michigan. PFR File, Tab 1 at 7, 12.

¶6 Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), after the appellant makes a nonfrivolous allegation of jurisdiction, he must prove by preponderant evidence that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and; (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the*

---

[2] We agree with the administrative judge's finding that the appellant did not hold a reasonable belief that such disclosure evidenced a substantial and specific danger to public health or safety, because the individual was no longer employed by the agency, and thus the danger was neither substantial nor specific. *See Miller v. Department of Homeland Security*, 111 M.S.P.R. 312, ¶ 6 (2009) (stating that disclosures regarding danger to the public must be both substantial and specific to be protected and mere speculative danger is not protected); ID at 9.

*Interior*, [123 M.S.P.R. 230](#), ¶ 5 (2016).  Whether an employee has a reasonable belief is determined by an objective test:  whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the matters disclosed show one of the categories of wrongdoing set out in the statute.  *Id*., ¶ 6.  The appellant does not have to prove that the matter disclosed actually violated a law, rule, or regulation; rather, the appellant must show that the matter disclosed was one which a reasonable person in his position would believe evidenced such a violation. *Webb v. Department of the Interior*, [122 M.S.P.R. 248](#), ¶ 6 (2015).

¶7        We find that the appellant held a reasonable belief that the employee discussed above did not have the licensing required to be a Respiratory Therapist in violation of law, rule, or regulation.  According to the American Association for Respiratory Care (AARC), a respiratory therapist, whether a certified respiratory therapist (CRT) or a registered respiratory therapist (RRT), must have "an associate degree, bachelor's degree, or a master's degree from [an accredited] respiratory therapy education program."  *What is an RT? Credentials—CRT and RRT*,  AARC.ORG,  [https://www.aarc.org/careers/what-is-an-rt/requirements/](https://www.aarc.org/careers/what-is-an-rt/requirements/)  (last visited May 31, 2022).  Further, Michigan's Public Health Code provides:  "[a]n individual shall not engage in the practice of respiratory care or provide or offer to provide respiratory care services unless licensed under this part."  Mich. Pub. Health Code § 333.18707(1).  While the statute allows for individuals without a license to practice respiratory care under certain circumstances, these exceptions prohibit these individuals from using specific titles, to include "respiratory therapist."  Mich. Pub. Health Code §§ 333.18707, 333.18703.

¶8        The employee at issue had a certificate from a hospital respiratory program from 1963, but had never completed her schooling, and thus, did not have a degree.    HT (testimony of the second-line supervisor, testimony of the Administrative Officer); IAF, Tab 36 at 22.  Based upon the plain language of AARC's guidelines, because she did not have a degree, she could not be licensed

as respiratory therapist, either a CRT or RRT. However, she was employed as a Respiratory Therapist by the agency, which appears to be contrary to the state's public health code. Mich. Pub. Health Code §§ 333.18707, 333.18703; IAF, Tab 34 at 94. Thus, although this employee may have been able to operate as a non-credentialed Respiratory Therapist, we nevertheless find that there is sufficient evidence that would lead a reasonable person in the appellant's position to believe that her employment violated law, rule, or regulation. Accordingly, we modify the initial decision to reflect that this disclosure is protected.

The additional protected disclosure does not affect the remainder of the administrative judge's analysis.

¶9 Despite the administrative judge's erroneous finding regarding the appellant's disclosure about the respiratory therapist, that error does not affect the outcome of this appeal. As discussed above, the administrative judge found that the appellant established that his protected disclosure and activity contributed to the personnel actions, and the inclusion of the additional disclosure does not impact that analysis. ID at 13-14.

¶10 If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Salerno*, 123 M.S.P.R. 230, ¶ 5. In determining whether an agency has met its burden, the Board will consider all relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶11     As for the analysis of the agency's burden to show by clear and convincing evidence that it would have taken the same personnel actions absent the protected disclosures and activity, the additional disclosure regarding the unlicensed Respiratory Therapist has at most a negligible impact on only one of the *Carr* factors, i.e., the agency's motive to retaliate.  The underlying allegation was not significant, as the employee had retired over a year prior to the disclosure, and the agency explained that the employee had been "grandfathered" in and was able to operate as a non-credentialed Respiratory Therapist at the GS-06 level.  HT (testimony of the Administrative Officer).  This appeared to have been the general understanding at the agency, as several members of the Respiratory Care Service staff testified that this was their understanding of the situation.  HT (testimony of the Associate Director of Patient Care Services, testimony of a Registered Respiratory Therapist, testimony of the first-line supervisor, testimony of the second-line supervisor).  Furthermore, there is no evidence that anyone at the agency suffered negative consequences as a result of this disclosure.  Thus, while an additional protected disclosure or activity may arguably add to an agency's motive to retaliate, given the circumstances present here, we find that an additional disclosure had at most a negligible effect on the motive to retaliate.[3]

---

[3] The agency failed to present evidence of the third *Carr* factor.  ID at 20-21, 26-28. We reiterate that it is the agency's burden to establish that it met the clear and convincing standard.  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012).  Because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency.  *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Here, the agency did not present comparator evidence.  Under the circumstances, the third *Carr* factor does not weigh in the agency's favor.  *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 18.  However, even if the third *Carr* factor does not weigh in favor of the agency or even cuts slightly against it, it has no impact on the administrative judge's determination that the agency met its burden of proof or the outcome of this case because the other factors outweigh the lack of comparator evidence.  *See Rickel v. Department of the* Navy, 31 F.4th 1358 (Fed. Cir. 2022) (noting that the absence of evidence on *Carr* factor three "will not *necessarily*" prevent the agency from meeting its burden); *see also Panter v. Department of the Air Force*,

¶12     In conclusion, because the administrative judge's remaining findings in the initial decision are well-reasoned, detailed, and supported by the record, we discern no basis for disturbing them, except as expressly modified above.[4] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## ORDER

¶13     We ORDER the agency to rescind the December 3, 2018, unacceptable performance appraisal and reissue the performance appraisal rating the appellant

---

22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] On review, the appellant disputes the administrative judge's finding that the agency's investigation into an allegation that he tampered with a patient's ventilator was not a covered personnel action because a qualifying personnel action was not taken in conjunction with the retaliatory investigation. ID at 12; PFR File, Tab 1 at 9-13. Specifically, he argues that his second-line supervisor "authored a letter which proposed that [he] be terminated" as a result of the investigation. PFR File, Tab 1 at 12. This letter, addressed "to whom it may concern," summarizes the second-line supervisor's findings of the investigation and concludes that the appellant should be removed, but there is no evidence in the record that indicates where this letter was sent, whether it was provided to the appellant before litigation, or if any agency officials involved in the personnel actions at issue viewed this letter. IAF, Tab 36 at 5-6. Furthermore, this is the first time the appellant has articulated an argument that this letter was connected to the investigation. He failed to raise such an argument with the administrative judge, despite having ample opportunity to do so. Indeed, the appellant objected to the administrative judge's prehearing order excluding this investigation and failed to raise any argument about this letter despite it being in the record at that time. IAF, Tab 79 at 5-6. Further, the appellant was aware that this letter was in the record, because he asked his second-line supervisor during the hearing if he had ever authored a letter proposing his removal. HT (testimony of the second-line supervisor). The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Accordingly, because this evidence was in the record, the appellant knew of its existence, and he still failed to raise the argument before the administrative judge, we decline to consider the argument for the first time on review.

as fully successful in all elements.  The agency must complete this action no later than 20 days after the date of this decision.

¶14     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR**
**COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other

reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will then be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.